UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD MOLINA, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No._____ |
| v. | § § | |
| FLORIDA ROOFING SOLUTIONS, INC., FLORIDA GC SOLUTIONS, INC., and EDWIN GAITAN, | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Richard Molina (referred to as "Plaintiff" or "Molina") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants Florida Roofing Solutions, Inc., Florida GC Solutions, Inc., and Edwin Gaitan (referred to as "Defendants" or "FRS"). In support thereof, he would respectfully show the Court as follows:

**I. Nature of Suit**

1. Molina's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency

and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendants violated the FLSA by employing Molina and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Defendants violated the FLSA by failing to maintain accurate time and pay records for Molina and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Molina brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Molina's claims occurred in the Houston Division of the Southern District of Texas.

### III.  Parties

8. Richard Molina is an individual who resides in Harris County, Texas and who was employed by Defendants during the last three years.

9. Florida Roofing Solutions, Inc. is a Florida corporation that may be served with process by serving its registered agent: Vanessa D. Gaitan, 14514 S.W. 84 Street, Miami, Florida 33183.  Alternatively, if the registered agent of Florida Roofing Solutions, Inc. cannot with reasonable diligence be found at the company's registered office, Florida Roofing Solutions, Inc. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

10. Florida GC Solutions, Inc. is a Florida corporation that may be served with process by serving its registered agent: Vanessa D. Gaitan, 14514 S.W. 84 Street, Miami, Florida 33183.  Alternatively, if the registered agent of Florida GC Solutions, Inc. cannot with reasonable diligence be found at the company's registered office, Florida GC Solutions, Inc. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

11. Edwin E. Gaitan is an individual who may be served with process at 14514 S.W. 84 Street, Miami, Florida 33183 or wherever he may be found.

12. Whenever it is alleged that Defendants committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act

or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

13. According to its website, "FRS performs roofing, re-roofing, maintenance and repair work for clients in the commercial and industrial sectors throughout Florida."

14. However, FRS does business in the territorial jurisdiction of this Court.

13. FRS employed Molina as an iron worker from September 2015 to the December 2016.  Molina and others similarly situated traveled around the country, including in the Houston area, working on various jobs on behalf of FRS

14. During Molina's employment with FRS, he was engaged in commerce or the production of goods for commerce.

15. During Molina's employment with FRS, the company had employees engaged in commerce or in the production of goods for commerce.

16. During Molina's employment with FRS, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

17. During Molina's employment with FRS, the company had an annual gross volume of sales made or business done of at least $500,000.

18. FRS paid Molina on an hourly basis.

19. During Molina's employment with FRS, he regularly worked in excess of forty hours per week.

20. FRS knew or reasonably should have known that Molina worked in excess of forty hours per week.

21. FRS did not pay Molina overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

22. Instead, FRS paid Molina at his normal hourly rate (i.e., straight-time rate) for all of the hours he worked through a payroll company, FrankCrum. All hours in excess of forty hours per week would be paid by and FRS check, as straight time, by Defendant Florida GC Solutions, Inc.

23. In other words, FRS paid Molina for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

24. FRS knew or reasonably should have known that Molina was not exempt from the overtime provisions of the FLSA.

25. FRS failed to maintain accurate time and pay records for Molina as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

26. FRS knew or showed a reckless disregard for whether its pay practices violated the FLSA.

27. FRS is liable to Molina for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

28. All straight-time-for-overtime workers employed by FRS are similarly situated to Molina because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from FRS pursuant to 29 U.S.C. § 216(b).

## V.  Count One—
## Failure To Pay Overtime
## in Violation of 29 U.S.C. § 207(a)

29. Molina adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

30. During Molina's employment with FRS, he was a nonexempt employee.

31. As a nonexempt employee, FRS was legally obligated to pay Molina "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

32. FRS did not pay Molina overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

33. Instead, FRS paid Molina at his normal hourly rate for all of the hours he worked.

34. In other words, FRS paid Molina for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

35. If FRS classified Molina as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

36. FRS knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA.

37. In other words, FRS willfully violated the overtime requirements of the FLSA.

### VI. Count Two—
### Failure To Maintain Accurate Records
### in Violation of 29 U.S.C. § 211(c)

38. Molina adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

39. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

40. In addition to the pay violations of the FLSA described above, FRS also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—
## Collective Action Allegations

41. Molina adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

42. On information and belief, other employees have been victimized by FRS's violations of the FLSA identified above.

43. These employees are similarly situated to Molina because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

44. FRS's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

45. Since, on information and belief, Molina's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

46. All employees of FRS, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

>All straight-time-for-overtime workers employed by FRS during the last three years.

47. FRS is liable to Molina and the other straight-time-for-overtime workers for the difference between what it actually paid them and what it was legally obligated to pay them.

48. Because FRS knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Molina and the other straight-time-for-overtime workers their unpaid overtime wages for at least the last three years.

49. FRS is liable to Molina and the other straight-time-for-overtime workers in an amount equal to their unpaid overtime wages as liquidated damages.

50. FRS is liable to Molina and the other straight-time-for-overtime workers for their reasonable attorneys' fees and costs.

51. Molina has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

52. Molina demands a trial by jury.

## IX.  Prayer

53. Molina prays for the following relief:

>a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

b. judgment awarding Molina and the other straight-time-for-overtime workers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

c. prejudgment interest at the applicable rate;

d. postjudgment interest at the applicable rate;

e. incentive awards for any class representative(s); and

f. all such other and further relief to which Molina and the other straight-time-for-overtime workers may show themselves to be justly entitled.

    Respectfully submitted,

    MOORE & ASSOCIATES

By: *Melissa Moore* (signature)
    Melissa Moore
    State Bar No. 24013189
    Federal Id. No. 25122
    Curt Hesse
    State Bar No. 24065414
    Federal Id. No. 968465
    Lyric Center
    440 Louisiana Street, Suite 675
    Houston, Texas 77002
    Telephone: (713) 222-6775
    Facsimile: (713) 222-6739

    **ATTORNEYS FOR PLAINTIFF RICHARD MOLINA**